O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RICKY PICKETT, | ) | Case No. CV 08-03955 DDP (Ex) |
|---|---|---|
| Plaintiff, | ) ) | **Order (1) Denying Plaintiff's** |
| v. | ) ) | **Motion for Reconsideration (Dkt.** **No. 91); (2) Denying Plaintiff's** |
| ARNOLD SCHWARZENEGGER, Governor of California; FRED AGUIAR, Cabinet Secretary to Gov.; SUSAN KENNEDY, Chief of Staff to Gov.; etal. | ) ) ) ) ) ) | **Motion for Review of Magistrate's** **Order Granting Motion to Quash** **(Dkt. No. 94); (3) Denying** **Plaintiff's Motion for Class** **Certification (Dkt. No. 95); (4)** **Denying Plaintiff's Motion for** **Leave to Amend (Dkt. No. 106)** |
| Defendants. | ) ) ) | [Motions filed on September 21, 24, 29, October 22, 2009] |
| _____ | ) | |

I.    **Introduction**

Plaintiff Ricky Pickett, a state parolee, was allegedly arrested without reasonable suspicion, charged with violating the terms of his parole without probable cause, and detained for more than forty days before being released to continue his parole term at the conclusion of his final parole revocation hearing.  The overarching issue before the Court is whether Plaintiff may pursue his 42 U.S.C. § 1983 damages claims against various state and local officials on behalf of a statewide class consisting of (according

to Plaintiff) approximately 200,000 parolees.  As explained in greater detail below, the Court concludes that Plaintiff has not established a basis in law or in fact for certifying this case as a class action.

Plaintiff's proposed First Amended Complaint ("FAC") seeks to bolster the class-wide allegations by adding state officials that perform a policymaking function with respect to California's parole procedures, but Plaintiff has not provided a valid reason for seeking leave to amend nearly a month _after_ he filed his motion for class certification, and more than four months after the Court dismissed his claims against the state supervisory-level defendants named in the initial complaint.  Further, the Court is persuaded that Plaintiff's proposed FAC does not remedy the deficiencies that prompted the Court to dismiss the claims against the state supervisory-level defendants, and thus, amendment would be futile. Accordingly, the Court will not consider the allegations in the proposed FAC in ruling on the motion for class certification.

**II.  Background**

Plaintiff alleges that on March 15, 2007, four Los Angeles Police Department ("LAPD") officers arrested him for violating a condition of his parole (the condition required him to refrain from associating with known gang members), allegedly without reasonable suspicion.  (Compl. ¶¶ 9-10.)  He contends that the arresting officers used excessive force, stole or lost $1,200 of his money, and unlawfully impounded and damaged his vehicle.  (_Id._ ¶ 9.)

1    According to the complaint, Plaintiff was then subjected to a
2    parole hold and charged with violating the gang member association
3    condition of his parole.  (Id. ¶ 13.)  He contends that "[t]he
4    arrest and manner thereof and parole hold imposition were made in
5    substantial part to gratify the sadistic impulses of the aforesaid
6    [LAPD] officers and [parole] agent, who each took evident pleasure
7    in inflicting said physical torture and emotional anguish upon
8    Pickett."  (Id. ¶ 14.)
9        Plaintiff next alleges, in relevant part, that
10       On April 2, 2007 a probable cause hearing was belatedly held
         [before the California Board of Parole Hearings ("CBPH")] in
11       which Pickett was denied the right to call witnesses and to
         confront adverse witnesses. Consequently, he was unable to
12       cross-examine the officers who had stopped and arrested him:
         without knowing Pickett was on parole and without having any
13       reasonable suspicion that he had committed any crime or
         violation of his special condition of parole.
14
15   (Id. ¶ 16.)  At Plaintiff's final CBPH parole revocation hearing on
16   April 19, 2007 (which Plaintiff alleges was untimely) the gang
17   association charge against him was dismissed, and he was released
18   to continue his parole.  (Id. ¶ 17.)
19       Plaintiff named 33 state and local officials (all in their
20   individual capacities, some in their official capacity) as
21   defendants in this action.  The complaint states numerous
22   violations of the United States and California constitutions,
23   including unreasonable search and seizure, false arrest, non-
24   provision of a speedy preliminary hearing, unconstitutional use of
25   hearsay and denial of the right to confront witnesses, among other
26   claims.
27       On June 11, 2009, the Court issued an order granting in part
28   and denying in part the state defendants' motion to dismiss.

3

Approximately three months later, with the close of class certification-related discovery fast approaching, Plaintiff filed a motion to extend the discovery cut-off (and all other calendared deadlines) by five months.  The Court denied the motion on the basis of Plaintiff's counsel's repeated failure to comply with Central District Local Rules.  (Dkt. No. 88.)

Plaintiff then filed the four motions presently pending before the Court.  On September 21, 2009, he filed a motion for reconsideration of the Court's Order denying his motion to extend the cut-off dates for class certification-related discovery.  (Dkt. No. 91.)  On September 24, 2009, Plaintiff filed a motion seeking review of the Magistrate Judge's order granting the California Department of Corrections and Rehabilitation ("CDCR")'s motion to quash his third-party subpoena.  (Dkt. No. 94.)  On September 29, 2009, Plaintiff filed a motion for class certification (Dkt. No. 95), and on October 22, he filed a motion for leave to file an amended complaint, (Dkt. No. 106).

**III. Discussion**

    A.   Motion for Reconsideration

Plaintiff asks the Court to reconsider its September 9, 2009 Order denying his motion to extend, by five months, the cut-off dates for class certification-related discovery.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted).  Further, Local Rule 7-18 provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Plaintiff ignores Local Rule 7-18's injunction against repeating arguments made in support of the original motion, and appears to contend, without any legal support, that reconsideration of the Court's September 9, 2009 Order is warranted because the ruling imposed a significant burden on Plaintiff's counsel.

In bringing his original motion to extend the class certification-related discovery cut-off, Plaintiff's counsel failed to comply with applicable local rules and did so after the Court admonished him to familiarize himself with relevant local and federal procedural rules, and to carefully observe those rules in all future filings.[1]  As explained in the Court's order, Plaintiff's counsel's failure to heed the Court's words provided an independent basis, apart from the merits, for denying his motion to extend the discovery cut-off.  Accordingly, the Court denies Plaintiff's motion for reconsideration.

B.   Review of Magistrate Judge's Ruling

Plaintiff next contends that Magistrate Judge Eick erred in granting the CDCR's motion to quash his third-party subpoena.

---

[1]   In his moving papers, Plaintiff stated that he needed an additional five months because filing deadlines in other, unrelated cases, along with the burden of responding to the state defendants' motion to dismiss in this case, had prevented him from timely moving forward with class certification-related discovery.

Federal Rule of Civil Procedure 72(a) provides that a party
dissatisfied with a Magistrate Judge's ruling on a nondispositive
matter "may serve and file objections to the order" with
the assigned district judge. "The district judge in the case must
consider timely objections and modify or set aside any part of the
order that is clearly erroneous or is contrary to law." FED. R.
CIV. P. 72(a).

As discussed above, on June 11, 2009 the Court issued an order
granting in part the state supervisory official defendants' motion
to dismiss.  In that Order, the Court dismissed Plaintiff's claims
against all of the State official defendants except the claims
against Parole Agents Almazon and Perez and Board of Parole
Hearings Deputy Commissioner Allen, without prejudice.  The claims
against Defendants Almazon, Perez and Allen arise out of
Plaintiff's March 2007 arrest (in which Defendants Almazon and
Perez were allegedly involved) and Plaintiff's April 2, 2007
probable cause hearing (at which Defendant Allen allegedly
presided).  (Complaint ¶¶ 13, 16).

On August 17, 2009 – approximately two weeks before the cut-
off date for class certification-related discovery – Plaintiff
served the CDCR with a subpoena noticing depositions set for August
31, 2009.  The CDCR filed a motion to quash Plaintiff's subpoena on
August 28, 2009.  (Dkt. No. 80.)  Magistrate Judge Eick granted the
motion to quash, explaining that

> [t]he allegations against Defendants Almazon, Perez and
> Allen, the only remaining State official Defendants, are
> specific to Plaintiff, and do not support any class action
> allegations. Hence, the Subpoena seeks information not
> relevant to the remaining claims and defenses. Further, the
> Subpoena is grossly overbroad. Therefore, the Motion is
> granted.

6

1    The Court agrees with the Magistrate Judge's reasoning.  The
2    claims remaining in this case concern the circumstances of
3    Plaintiff's arrest (e.g., whether Plaintiff was arrested without
4    reasonable suspicion), and the procedures employed in the
5    subsequent probable cause and revocation hearings (e.g., whether
6    Plaintiff's probable cause hearing was timely and whether he was
7    allowed to cross-examine witnesses).  Plaintiff's CDCR subpoena
8    sought a broad range of information relating to the state's parole
9    policies.  None of this information is relevant to the claims that
10   survived the Court's June 11, 2009 Order.

11   Plaintiff points out that the Court dismissed many of the
12   claims against the state supervisory-level defendants without
13   prejudice, and contends that this aspect of the June 11, 2009 Order
14   signals that the Court implicitly acknowledged that Plaintiff could
15   state a claim against some or all of the state officials named in
16   the complaint.  The Court's dismissal of Plaintiff's claims against
17   the state supervisory-level defendants "without prejudice" is
18   beside the point – a litigant may not subpoena documents on the
19   basis of hypothetical factual allegations and unstated legal
20   claims.  Accordingly, the Court denies Plaintiff's motion for
21   review of Magistrate Judge Eick's September 14, 2009 Order.

22   C. Motion for Class Certification

23   Class actions in federal court are governed by Federal Rule of
24   Civil Procedure 23.  Rule 23 provides a two-step process for

25

26   ///

27   ///

28   ///

determining whether class certification is appropriate.  First, Rule 23(a) sets forth four conjunctive prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); <u>see also</u> <u>Hanon v. Dataproducts Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992).  These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. <u>See</u> <u>General Tel. Co. v. Falcon</u>, 457 U.S. 147, 156 (1982).

Assuming the requirements of Rule 23(a) are satisfied, a party seeking class certification must also demonstrate that the action falls within one of the three kinds of actions permitted under Rule 23(b).  <u>See</u> FED. R. CIV. P. 23(b).  Specifically, Plaintiff must demonstrate that the putative class can be categorized as a prejudice class, an equity class, or a damages class under subdivisions 23(b)(1), (b)(2), or (b)(3), respectively.  <u>Id.</u>

As explained above, the Court agrees with Magistrate Judge Eick's conclusion that no class-wide claims remain in this case. The remaining claims concern specific facts surrounding Plaintiff's arrest, detention, and subsequent probable cause and revocation hearings.  The remaining defendants are the LAPD and state parole officers that, allegedly, were involved in his arrest, and the CBPH Deputy Commissioner that allegedly presided over his probable cause hearing.  All parties responsible for formulating state parole policies have been dismissed from the case.  Accordingly, Plaintiff has failed to establish that there are questions of law and fact

1  common to the putative class.  The motion for class certification

2  is therefore denied.

3      D.   Motion for Leave to Amend

4      Finally, Plaintiff seeks leave to amend his complaint.  His

5  proposed FAC revives his claims against the previously dismissed

6  state supervisory-level defendants (i.e, the claims that were

7  dismissed for failure to state a claim pursuant to the Court's June

8  11, 2009 Order).

9      As the Court noted in its prior order, to prevail on a § 1983

10 damages claim against a supervisory-level state defendant, a

11 plaintiff must show either personal involvement in the alleged

12 constitutional violation or "a sufficient causal connection between

13 the supervisors['] wrongful conduct and the constitutional

14 violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

15 1989)(citation omitted).  The Court dismissed the claims against

16 the state supervisory-level defendants because Plaintiff's

17 complaint failed to describe any actual policy or practice

18 responsible for the alleged constitutional violations "that has

19 anything more than a vague link to the 22 [supervisory-level] State

20 Defendants."  (June 11, 2009 Order 7:19-21.)

21     Federal Rule of Civil Procedure 15(a), which governs

22 requests for leave to amend pleadings, provides that "leave shall

23 be freely given when justice so requires."  FED. R. CIV. P. 15(a).

24 Leave to amend should be provided unless the opposing party makes a

25 showing of undue delay, bad faith or dilatory motive, futility of

26 amendment, or prejudice.  See Foman v. Davis, 371 U.S. 178, 182

27 (1962); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

28 (9th Cir. 1989).

1    Plaintiff's attempt to bring the claims against the
2  supervisory-level defendants back into this action suffers from two
3  glaring defects.

4    First, Plaintiff has not stated a valid reason for bringing
5  his motion for leave to amend more than <u>four months</u> after the Court
6  dismissed the state supervisory-level defendants from this case.
7  In the meantime, Plaintiff has filed four motions, all premised on
8  the complaint as it stood after the Court's June 11, 2009 Order.
9  The facts alleged in the proposed FAC do not arise from information
10 that Plaintiff obtained in the course of discovery.  Indeed, all of
11 the information set forth in the proposed FAC was available to
12 Plaintiff months ago.

13    Plaintiff's counsel reports that the burdens of litigating
14 this and other cases prevented him from timely filing a motion for
15 leave to amend.  This explanation is unpersuasive.  A motion for
16 leave to amend need not consume an inordinate amount of time, and
17 the Court identified the specific deficiencies in the complaint in
18 its June 11, 2009 Order.  Further, Plaintiff apparently elected to
19 file meritless motions (his baseless motion for reconsideration,
20 for example) in lieu of timely seeking leave to amend.

21    Although delay alone "is not a dispositive factor in the
22 amendment analysis, it is relevant, especially when no reason is
23 given for the delay."  <u>Lockheed Martin Corp. v. Network Solutions,</u>
24 <u>Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999).  Further, a finding of
25 undue delay is justified where the "new facts" underlying the
26 amendment were previously available to the party seeking amendment.
27 <u>Chodos v. West Publishing Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002)
28 (affirming denial of motion for leave to amend where "new facts"

1  were available prior to the filing of the proposed first amended

2  complaint).

3       The Court dismissed the statewide supervisory-level defendants

4  in June.  Plaintiff moved to reinstate his claims against them in

5  October.  In the interim, Plaintiff's litigation strategy forced

6  opposing counsel (and the Court) to respond to three noticed

7  motions premised on the initial complaint, including a complex

8  motion for class certification.  In the light of the above, the

9  Court concludes that Plaintiff's delay in seeking leave to amend

10 was unreasonable.

11      But even holding the undue delay aside, the Court is persuaded

12 that granting Plaintiff leave to amend would be futile.  The

13 proposed FAC does little more than explain the policymaking

14 functions that each of the state defendants perform pursuant to

15 their respective job descriptions.  These factual allegations do

16 not articulate a connection tying any of the state defendants to

17 Plaintiff's arrest, or to the alleged procedural shortcomings

18 associated with his hearings before the California Board of Parole

19 Hearings.  Accordingly, Plaintiff's motion for leave to amend his

20 complaint is denied.

21

22

23

24

25

26 ///

27 ///

28 ///

1

**IV.   Conclusion**

2

    For the reasons set forth above, the Court:

3

       1) DENIES Plaintiff's motion for reconsideration of the

4

       Court's September 9, 2009 Order (Dkt. No. 91)

5

       2) DENIES Plaintiff's motion for review of the Magistrate

6

       Judge's September 14, 2009 Order (Dkt. No. 94)

7

       3) DENIES Plaintiff's motion for class certification

8

       (Dkt. No. 95)

9

       4) DENIES Plaintiff's motion for leave to file an amended

10

       complaint (Dkt. No. 106)

11

12

13

14

IT IS SO ORDERED.

15

16

17

Dated: January 11, 2010

DEAN D. PREGERSON
United States District Judge

18

19

20

21

22

23

24

25

26

27

28